CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

10/4/2024

LAURA A. AUSTIN, CLERK
BY:  s/ ARLENE LITTLE
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:18-cr-23 |
| v. | MEMORANDUM OPINION |
| LEE DAVIS, | JUDGE NORMAN K. MOON |
| *Defendant.* | |

Lee Davis ("Davis") moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. 53), asserting ineffective assistance of counsel during his supervised release violation hearing. The Court rejects Davis' claims and denies his motion because he cannot show that his counsel's performance was deficient nor that he was prejudiced as a result of the allegedly deficient performance.

## I.     Background

Davis was released from prison in April 2017 after serving a sentence for federal drug charges. Dkt. 41 (Amended Supervised Release Violation Report) at 1. In 2018, Davis began selling heroin and fentanyl, and in November 2019, he pled guilty to drug charges in state court and was sentenced to ten years in prison on one count with seven years suspended and five years in prison on a second count with four years suspended, along with an 18-month term of probation. Id. at 2. As a result, his federal probation officer petitioned to revoke his supervision, which this Court did after a hearing in June 2022. Dkt. 2 (Petition for Warrant or Summons for Offender Under Supervision); Dkt. 44 (Judgment for Revocation). This Court sentenced Davis to 30 months

with no supervised release to follow. Dkt. 44. Davis is scheduled to be released on October 28, 2024.

Davis filed this § 2255 motion arguing ineffective assistance of counsel. According to Davis, his counsel's failure to request one month of supervised release to follow his sentence was an error that affected his ability to earn early release under the "First Step Act." Dkt. 53

## I.        Legal Standard

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that he was prejudiced as a result of such performance. See Strickland v. Washington, 466 U.S. 668, 685–86 (1984). Courts need not address both prongs if the petitioner makes "an insufficient showing on one." Moore v. Hardee, 723 F.3d 488, 500 (4th Cir. 2013).

To establish deficient performance, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." Harrington v. Richter, 562 U.S. 86, 104 (2011) (citing Strickland, 466 U.S. 688 (1984)). A petitioner's burden is high as a "strong presumption" exists that counsel's representation was within the "wide range" of reasonable professional assistance, and the petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687, 689.

With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. In the sentencing context, a prisoner may demonstrate prejudice by

showing that he received *additional* prison time at sentencing due to counsel's error or omission. Glover v. United States, 531 U.S. 198, 203–04 (emphasis added).

"Surmounting *Strickland's* high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371 (2010). "An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. Harrington, 562 U.S. at 105 (2011) (citing Strickland, 466 U.S., at 689-690). When conducting a review of counsel's competence, the Court must apply "a context-dependent consideration of the challenged conduct as seen from counsel's perspective at the time," and its scrutiny "must be highly deferential." Wiggins v. Smith, 539 U.S. 510, 523 (2003); Strickland, 466 U.S. at 689.

## II.     Discussion

Davis complains that counsel did not request one month of supervised release to follow his sentence which he believes may have made him eligible for early release through the "First Step Act." Dkt. 53 at 5. He essentially argues that his counsel was deficient and therefore ineffective for failing to request *additional* sanctions beyond his prison sentence. Davis' claim fails under the Strickland standard, and an evidentiary hearing on the motion is not necessary because Davis has not presented a "colorable Sixth Amendment claim showing disputed facts beyond the record" or a dispute about credibility." U.S. v. Mayhew, 995 F.3d 171, 176-77 (4th Cir. 2021). Rather, Davis' "motion and the files and records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b).

Simply put, counsel's failure to suggest an additional penalty in the form of supervised release be tacked on to Davis' sentence cannot be deemed an error so serious to have deprived

Davis of the counsel guaranteed by the Sixth Amendment. Counsel's efforts to limit her client's sentence does not fall below an objective standard of reasonableness and, in fact, would seem to be the main objective of a criminal defense attorney. Davis' claim does not meet the first prong of Strickland – counsel's performance was not defective.[1]

Even if we assumed that Davis' counsel was defective, Davis cannot demonstrate any prejudice from counsel's failure to ask for supervised release. Davis apparently speculates that had counsel requested supervised release, this Court would have imposed such additional penalty. Ineffective assistance of counsel claims that are based on speculation do not meet the burden of showing prejudice under Strickland. Herrington v. Clarke, 2021 U.S. Dist. LEXIS 62308 (E.D. Va. 2021) (citing Bradford v. Whitley, 953 F.2d 1008, 1012 (5th Cir. 1992)). Moreover, Davis was not prejudiced because he could have pursued a comparable benefit without a supervised release term as the First Step Act allows inmates to accrue credits by completing specified programming and use them to secure early release. Accordingly, the Court must deny Davis' motion.

## III.    Conclusion

In an order that will accompany this memorandum opinion, and for the reasons stated above, the Court will DENY Davis' Motion to Vacate, Set Aside, or Correct a Sentence. Dkt. 53.

The Clerk of Court is directed to send a copy of this Memorandum Opinion to the parties.

---

[1] Davis appears to concede the Government's argument in his reply memorandum (Dkt. 58) in which he states that "the Government's argument and response to my 2255 Motion had merit." Davis' reply memorandum fails to make any mention of his counsel's ineffectiveness but rather focuses on his intense desire for early release. He admits "this request to you, your Honor, and the Court, … is solely due to my Unit Team at FCI Fort Dix not regarding my "First Step Act" rights. Unit Team completely shunned me and purposely orchestrated a plan not to allow me my rights to "Early Release" status . . ." Dkt. 58 at 1.

Entered this __4th__ day of October, 2024.

_____

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE